(68 Misc. Rep. 577.)

INDELLI et al. v. LOWENFELD et al.

(Supreme Court, Trial Term, Kings County. August, 1910.)

PRINCIPAL AND AGENT (§ 145*)—UNDISCLOSED PRINCIPAL—LIABILITY ON CONTRACT.

Where an owner of land refused to give an executory contract, of sale, but directed the proposed purchaser to begin building operations thereon, he is liable as an undisclosed principal to one who is employed under a written contract with the proposed purchaser.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 513–520; Dec. Dig. § 145.*]

Action by Minnie A. Indelli and James Conforti against Pincus Lowenfeld and William Prager. Verdict for plaintiffs. Motion to set aside denied.

Freyer, Hyman & Jarmulowsky (Adolph Freyer, of counsel), for plaintiffs.

Arnstein, Levy & Pfeiffer (David Leventritt and Alexander Pfeiffer, of counsel), for defendants.

PUTNAM, J. The plaintiffs are suing the defendants, who owned premises upon which plaintiffs had made excavations and laid building walls for ten apartment houses. Plaintiffs had been employed under a written contract executed by Mr. Abelman, of the Steinman Realty Company, who, they claim, acted in the transaction as agent of the defendants, who are now sued as undisclosed principals.

In the summer of 1906 Mr. Abelman had asked the defendants to sell this tract of land for a large building enterprise; but, although defendants appeared to entertain the proposition, they never definitely committed themselves to the proposed sale, and finally refused to give any executory contract therefor. After these negotiations with defendants had begun, there was evidence that the defendants and Mr. Abelman discussed fully the design of the houses proposed; that defendants requested Mr. Abelman to go ahead with the work; that they consulted and directed as to the preparation of plans, and suggested an architect, and gave instructions how the work should proceed. It was testified that defendants were informed of this written contract with plaintiffs for the excavation and mason work; also that defendants visited the premises and observed the progress of the work. In the end, defendants never parted with the title, and, apparently, the negotiation for the sale proved entirely futile, although, in the meantime, the excavation had been made and a portion of the walls had been

erected by the plaintiffs in ignorance of the defendants' ownership of the property.

If the landowners thus direct and authorize building operations to go on upon their property, and give express assent and approval as such operations proceed, it seems clear that the elements of agency are shown, or, at least, that a question is raised to be submitted to the jury under proper instructions. The fact that plaintiffs during the work only knew Mr. Abelman and the Steinman Realty Company in the transaction does not prevent them from afterward suing the defendants, when their relations as principals have been disclosed. Good faith seems to forbid the owners of property, who direct such work, afterward to deny that they were primarily interested, or the fact that the intermediary employed to act for them did not receive the authority conveyed by the instructions to proceed with the work. With what intent such authority and instructions were given seems a fair question upon which to take the verdict of the jury. Had a conveyance of the land been made, even in conditional form, or an executory contract been signed, the defendants' position would, perhaps, have been improved.

On review of the whole case, no injustice seems to have been done. The motion to set aside the verdict (and plaintiffs' motion for an additional allowance) is denied.

Motion denied.